KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimuena Nguinamau, | No.   CV-26-00963-PHX-MTL (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Petitioner Kimuena Nguinamau, who is confined in the Florence Correctional Center and represented by counsel, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1) challenging his immigration detention. Petitioner has paid the filing fee.

**I.      Petition**

Petitioner states he is a native and citizen of Angola, was arrested by Immigration and Customs Enforcement (ICE), and is presently confined in the Florence Correctional Center. Petitioner alleges he was placed in removal proceedings and his Master Calendar Hearing is scheduled for February 13, 2026. (Doc. 1 at 3).

Petitioner contends ICE "has not produced any valid removal order or lawful statutory basis to continue holding the Petitioner" and that "if Petitioner were to seek a custody redetermination before the Immigration Court, the Immigration Judge could find that the court lacks jurisdiction to entertain a bond motion because of Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025)." (*Id.*)

JDDL

Petitioner raises three grounds for relief: (1) Petitioner's continued detention without an individualized custody determination violates the Fifth Amendment Due Process Clause (*Id*. at 4-5); (2) he is entitled to release or a prompt bond hearing under 8 U.S.C. § 1226(a) (*Id*. at 6); and (3) "Respondents' decision to detain Petitioner under [8 U.S.C. § 1225(b)], rather than [8 U.S.C. § 1226(a)] constitutes 'agency action . . . not in accordance with law' and 'in excess of statutory jurisdiction, authority, or limitation,' within the meaning of the Administrative Procedure Act" (*Id*. at 7.) Petitioner seeks release from custody or, alternatively, a bond hearing.

## II.   Dismissal with Leave to Amend

Petitioner's factual allegations are insufficient to support his § 2241 claims. Petitioner does not state when he entered the United States, the length of time he has resided here, the date of his arrest by ICE officers, or the length of time for which he has been detained. Further, beyond the date of his Master Calendar Hearing, Petitioner provides no details about the status of his immigration proceedings such as the date on which he was served with the Notice to Appear or a copy of the Notice to Appear, nor has he provided his A number. Moreover, Petitioner's claim appears speculative—he does not allege he sought a custody redetermination and an Immigration Judge denied his request.

Accordingly, the Court will dismiss the Petition with leave to amend. Petitioner will have 30 days file an amended petition.

**IT IS ORDERED:**

(1)   Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed without prejudice, with leave to amend**. Petitioner has **30 days** from the date this Order is filed to file an amended petition.

. . . .

. . . .

. . . .

. . . .

. . . .

(2) The Clerk of Court must enter a judgment of dismissal without prejudice of this action, without further notice to Petitioner, **if** Petitioner fails to submit an amended petition within 30 days from the filing date of this Order and deny any pending unrelated motions as moot.

Dated this 17th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge